22-525-cr
*United States v. Peets*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-three.

Present:

> BARRINGTON D. PARKER,
> WILLIAM J. NARDINI,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                22-525-cr

JOSEPH PEETS,

> *Defendant-Appellant*.[†]

---

| | |
|---|---|
| For Appellee: | Andrew C. Gilman, Gregory L. Waples, Assistant United States Attorneys, *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT |
| For Defendant-Appellant: | Robert A. Culp, Law Office of Robert A. Culp, Garrison, NY |

---

[*] Judge Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joseph Peets appeals from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *District Judge*), entered on December 1, 2021, sentencing Peets to forty-eight months of imprisonment, to be followed by three years of supervised release.  Peets pled guilty to one count of conspiracy to distribute heroin and cocaine base, in violation of 21 U.S.C. §§ 841(a)(l), 84l(b)(l)(C), 846.  At sentencing, the district court applied a two-level enhancement to Peets's base offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, because his co-conspirator, Melissa George, accepted firearms as payment for drugs sold pursuant to the narcotics conspiracy on at least two occasions.  We assume the parties' familiarity with the case.

On appeal, Peets argues that the district court erred in determining that the weapon enhancement should apply and that his sentence was both procedurally and substantively unreasonable.  "We review de novo a district court's interpretation of the Guidelines and for clear error its factual findings regarding the applicability of specific enhancements or reductions." *United States v. Alston*, 899 F.3d 135, 148 (2d Cir. 2018).[1]  "We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014).

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

The U.S. Sentencing Guidelines provide that, in determining the offense level for a narcotics conspiracy, "[i]f a dangerous weapon (including a firearm) was possessed," then the offense level is "increase[d] by 2 levels." U.S.S.G. § 2D1.1(b)(1). Such an enhancement is appropriate when the possession occurs as relevant conduct, including through "jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). In such circumstances, a defendant's Guidelines calculation can be "based on criminal acts committed by other participants if the acts were committed in furtherance of the jointly undertaken activity and could reasonably have been foreseen by the defendant." *United States v. Studley*, 47 F.3d 569, 573 (2d Cir. 1995). Therefore, "a district court must make a particularized finding as to whether the activity was foreseeable to the defendant" and as to "the scope of the criminal activity agreed upon by the defendant." *Id.* at 574.

Peets contends that, in applying the dangerous weapon enhancement, the district court considered only whether George's firearm possession was foreseeable to Peets (finding that it was), without considering whether the firearm possession was within the scope of their conspiracy. Even assuming that Peets is correct, however, that would not end our inquiry. "It is well settled that this Court may affirm on any basis for which there is sufficient support in the record." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 413 (2d Cir. 2014). Here, the record firmly supports the conclusion that George's possession of firearms was within the scope of the narcotics conspiracy. Peets and George engaged in a conspiracy to acquire heroin and cocaine base from suppliers in Massachusetts and Vermont and sell those narcotics in Vermont. The scope of the conspiracy necessarily included George accepting something of value in exchange for drugs. Hence, George accepting firearms as payment for drugs, which Peets does not dispute she did on two occasions, was "committed in furtherance of the jointly undertaken activity." *Studley*, 47 F.3d

3

at 573. And once Peets observed George sell drugs in exchange for a firearm on the first occasion, there could be no doubt that the scope of the conspiracy included firearm possession by George. By not withdrawing from the conspiracy at that point, Peets implicitly accepted that firearms were valid currency within the conspiracy, making George's second instance of accepting a firearm as payment clearly within its scope.

Because Peets does not contest the district court's finding regarding foreseeability, and because the record supports a finding that George's possession of firearms was committed in furtherance of Peets's jointly undertaken criminal activity with her, we affirm the district court's application of the two-level weapon enhancement under U.S.S.G. § 2D1.1(b)(1).

Turning to the reasonableness of Peets's sentence, we discern no procedural or substantive error. The district court "calculate[d] the Guidelines range," "consider[ed] the § 3553(a) factors," and "adequately . . . explain[ed] its chosen sentence, . . . includ[ing] an explanation for any deviation from the Guidelines range." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "The particular weight to be afforded aggravating and mitigating factors [under § 3553(a)] is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We conclude that the factors the district court considered—including the seriousness of the offense, the need to promote respect for the law and deter criminal conduct, Peets's difficult childhood, his serious attempt at rehabilitation, and the time he had already served in state custody—"can bear the weight" the district court "assigned [them]." *Id.*; *see also Cavera*, 550 F.3d at 191. Because we cannot say that his 48-month sentence was "shockingly high," we reject his claim that it was substantively unreasonable. *Broxmeyer*, 699 F.3d at 289.

4

We have considered all of Peets's remaining arguments and find them unpersuasive.

\* \* \*

For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk